**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION**

| | |
|---|---|
| ELLEN JANE KUTTEN, individually, and on behalf of her daughters<br><br>and<br><br>MARY ANN ARNOLD, ELSIE MAHLER SCHARFF, JOHN F. MEDLER, JR., MICHAEL R. MEDLER, and JEFFREY P. MEDLER, on behalf of themselves, and all others similarly situated,<br><br>        Plaintiffs,<br><br>    v.<br><br>BANK OF AMERICA, N.A.<br><br>and<br><br>BANK OF AMERICA CORPORATION,<br><br>        Defendants. | Case No. 4:06 CIV 0937 (PAM) |

**DEFENDANTS BANK OF AMERICA, N.A. AND
BANK OF AMERICA CORPORATION'S
<u>MOTION TO DISMISS</u>**

    Defendants Bank of America, N.A. (the "Bank"), and Bank of America Corporation ("BAC") (collectively "Defendants") respectfully move this Court for an order dismissing the Complaint on the following grounds:

    1.    On May 26, 2006, after two years of discovery, this Court dismissed <u>Kutten et al. v. Bank of America, N.A. et al.</u>, No. 04-0244 (PAM) (E.D. Mo. May 26, 2006) for lack of subject matter jurisdiction, holding that Plaintiffs Arnold, Kutten and Scharff did not set forth a "scintilla of evidence" of any damage to prove the requisite amount in controversy.

    2.    Less than one month later, Plaintiffs filed the instant action, attempting to cure their jurisdictional defects by adding newly-minted federal securities claims.

3. Styled as both a putative class action and an action asserting individual claims, Plaintiffs' claims arise from being beneficiaries of certain trusts for which the Bank serves as trustee. In the Complaint, Plaintiffs allege class claims pursuant to the Securities Act of 1933, the Exchange Act of 1934, the Investment Adviser Act, various state law class claims, and multiple individual state law claims.

4. Defendants respectfully request that, pursuant to Rule 12(b)(7), all of the claims filed by Plaintiffs Elsie Scharff and the Medlers be dismissed for failure to join necessary and indispensable parties.

5. In addition, Defendants respectfully request that, pursuant to Federal Rule of Civil Procedure 12(b)(6), the Court dismiss the Amended Complaint for numerous reasons, including the following:

   (a) Plaintiffs' Securities Act of 1933 claims (Counts I and II) fail as a matter of law because: (1) Defendants are not subject to liability under the Act; (2) Plaintiffs fail to connect the challenged securities with the allegedly misleading registration statement; (3) Plaintiffs fail to allege that the securities were purchased pursuant to an initial offering; (4) they are time-barred and; (5) Plaintiffs fail to allege loss or harm compensable under the Act.

   (b) Plaintiffs' control person liability claim under Section 15 of the Securities Act (Count III) fails as a matter of law because there is no independent basis for liability under that Act.

   (c) Plaintiffs' Exchange Act claim (Count IV) fails as a matter of law because: (1) it is time-barred; (2) the omissions and/or misrepresentations are not based in fraud; and (3) Plaintiffs have failed to adequately allege scienter and/or loss causation.

   (d) Plaintiffs' control person liability claim under Section 20(a) of the Exchange Act (Count V) fails as a matter of law because there is no independent basis of liability under that Act.

   (e) Plaintiffs' Investment Advisors Act claim (Count VI) fails as a matter of law because Plaintiffs have not alleged that defendants are "investment advisers" within the meaning of that Act, and because no private right of action exists under the Act.

   (f) All of Plaintiffs' state law class claims (Counts VII-XV) fail as a matter of law because they are preempted by the Securities Litigation Uniform Standards Act of 1998.

   (g) Finally, all of Plaintiff Kutten's individual claims (Counts XVI-XX) fail as a matter of law because: (1) there can be no breach of fiduciary duty where the Bank complied with the Kutten Trust Instrument; (2) there can be no breach of fiduciary duty where the Bank complied with Missouri law; (3) Plaintiff Kutten did not (and cannot) adequately allege a breach of contract, especially where the settlor's intent authorized the conduct in question; (4) Plaintiff Kutten failed to adequately allege a claim for unjust enrichment; and (5) because there can be no violation of Chapter 456 of Missouri's Revised Statutes where the Bank complied with the Kutten Trust Instrument.

6. Defendants incorporate herein their supporting Memorandum of Law accompanying this Motion.

WHEREFORE, for the reasons set forth in this Motion and the accompanying Memorandum of Law, Defendants respectfully request that the Court dismiss the Complaint pursuant to Federal Rules of Civil Procedure 12(b)(7) and 12(b)(6).

DATED: September 14, 2006

Respectfully submitted,

BRYAN CAVE LLP

By: /s/ Jeffrey S. Russell
Jeffrey S. Russell #4232
Darci F. Madden #95927
One Metropolitan Square
211 N. Broadway, Suite 3600
St. Louis, MO  63102
Telephone: 314.259.2000
Facsimile:  314.259.2020

Gregory B. Jordan
Mary J. Hackett
Christopher J. Soller
Sharon L. Rusnak
REED SMITH LLP
435 Sixth Avenue
Pittsburgh, PA 15219
Telephone: 412.288.3131
Facsimile:  412.288.3063

Attorneys for Defendants Bank of America, N.A. and Bank of America Corporation

## **CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the foregoing was served this 14th day of September, 2006 upon the following counsel of record by the Court's electronic filing system:

>Steven M. Hamburg, Esq.
>Holly M. McIntyre, Esq.
>Summers, Compton, Wells & Hamburg, P.C.
>8909 Ladue Road
>St. Louis, MO 63124
>
>Richard D. Greenfield, Esq.
>Greenfield & Goodman LLC
>7426 Tour Drive
>Easton, MD 21601

>/s/ Jeffrey S. Russell
>Counsel for Defendants Bank of America,
>N.A. and Bank of America Corporation

Date: September 14, 2006