# United States Court of Appeals
### FOR THE EIGHTH CIRCUIT

_____

No. 07-3565
_____

| | | |
|---|---|---|
| Ellen Jane Kutten, individually and on behalf of her daughters, | * * * | |
| Plaintiff, | * * | |
| Mary Ann Arnold; Elise Mahler Scharff, on behalf of themselves and all others similarly situated, | * * * | Appeal from the United States District Court for the |
| Plaintiffs-Appellants, | * * | Eastern District of Missouri. |
| v. | * * | |
| Bank of America, N.A.; Bank of America Corporation, | * * * | |
| Defendants-Appellees. | * | |

_____

Submitted:  June 11, 2008
Filed:  June 16, 2008
_____

Before MURPHY, BYE, and SHEPHERD, Circuit Judges.
_____

SHEPHERD, Circuit Judge.

    This case is one of the "at least five class actions in various jurisdictions seeking redress for the same alleged injuries" as claimed by the plaintiffs in <u>Siepel v. Bank of America, N.A.</u>, Nos. 07-1899/07-1906, 2008 U.S. App. LEXIS 10667, at *6

(8th Cir. May 19, 2008). Finding the case "nearly identical" to <u>Siepel</u>, which it had earlier dismissed, the district court[1] dismissed all of the Appellants' class action claims as preempted by the Securities Litigation Uniform Standards Act of 1998 (SLUSA), 15 U.S.C. §§ 77p(b), 78bb(f)(1). We affirmed the district court in <u>Siepel</u>, and do so again in this case.

Just as in <u>Siepel</u>, the Appellants' class action claims center on Bank of America's alleged plan to funnel trust assets into a mutual fund substantially owned by the Bank. <u>See</u> <u>id.</u> at *4-*5. In their Amended Complaint, the Appellants asserted twelve class action claims, including breach of fiduciary duty, aiding and abetting a breach of fiduciary duty, unjust enrichment, breach of contract, violation of the California Probate Code, violation of the California Business and Professions Code, and violation of the California and Missouri Prudent Investor Acts. Each of the substantive claims "repeat[ed] and reallege[d]" the allegations made in the previous pages of the complaint.

The <u>Siepel</u> plaintiffs conceded that their complaint contained allegations that the Bank misrepresented and omitted material facts. <u>Id.</u> at *11. Although their complaint also rests on the same alleged plan by the Bank, the Appellants attempt to distinguish their complaint from the one in <u>Siepel</u>. In filings with this court, they assert that their complaint "does not contain any allegations that facts were concealed. Nor does the Complaint in this action allege there were any omissions of facts or misrepresentations made to Plaintiffs." "[D]ifferent results can be reached based upon changes in the language used in the complaint," they urge.

We review a district court's dismissal based on SLUSA preemption *de novo*, as a dismissal for failure to state a claim. <u>Siepel</u>, 2008 U.S. App. LEXIS 10667 at *4.

---

[1] The Honorable Paul A. Magnuson, United States District Judge for the District of Minnesota, sitting by designation in the Eastern District of Missouri.

SLUSA preempts state-law class actions that allege an untrue statement or omission of a material fact, or the use of a manipulative or deceptive device or contrivance "in connection with the purchase or sale of a covered security." 15 U.S.C. §§ 77p(b), 78bb(f)(1); Siepel, 2008 U.S. App. LEXIS 10667, at *10. In determining whether SLUSA applies, we do not rely on the names of the causes of action that the plaintiff alleges. Instead we look at the substance of the allegations, based on a fair reading. See Sofonia v. Principal Life Ins. Co., 465 F.3d 873, 879-80 (8th Cir. 2006); Dudek v. Prudential Sec., Inc., 295 F.3d 875, 879-80 (8th Cir. 2002). SLUSA preemption is based on the conduct alleged, not the words used to describe the conduct.

In the hearing on the Bank's motion to dismiss, Judge Magnuson attempted to purge the allegations of fraudulent conduct from the Appellants' Amended Complaint, and decide whether their complaint was different from that in Siepel. The Appellants' counsel explained:

> [The Bank's transfers of fiduciary account assets to Nations Funds] in fact were a cloak for self-dealing and engaging in conflict of interest transactions . . . . It's a breach of fiduciary duty case, and that duty includes disclosing to beneficiaries certain information.

After further argument, Judge Magnuson asked if the complaint was "no more than a regurgitation of the words of the misrepresentation." Counsel replied:

> [C]ertainly one of the components [of a fiduciary duty] is . . . a duty to disclose, a duty to be candid, a duty to be honest with your beneficiaries, to let your beneficiaries have the straight scoop with respect to the handling of their assets. . . . That is not the same thing as saying we were misrepresented to and this is what you lied about. . . . That's the failing to disclose. That's the failing to be candid. That's the failing to be honest. That's what we allege the bank failed to do repeatedly in the context of its wholesale conversion of common trust funds into their own mutual funds . . . .

We agree with the district court that the Appellants failed to distinguish their case from <u>Siepel</u>. Whatever the distinction between "deceiving" and "failing to be honest," or between "omitting a material fact" and "failing to disclose," it does not bear on whether SLUSA preempts the claim containing those allegations. In this case, the district court correctly found that without allegations of deceptive and misleading conduct, the Appellants' complaint was empty of any non-preempted class action claims.

In all other respects, the Appellants' argument is the same as was asserted by the plaintiffs in <u>Siepel</u>. We therefore reach the same result, and affirm the judgment of the district court.

_____